**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Hoffer and Olga Hoffer, Respondents,

v.

Kayln Shackelford, Richard Rose, and South Carolina Department of Social Services, Defendants,

Of whom Kayln Shackelford is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000131

———————

Appeal From Chester County
Mindy W. Zimmerman, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-250
Submitted May 9, 2022 – Filed June 3, 2022

———————

**AFFIRMED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

James Fletcher Thompson and Larry Dale Dove, of Thompson Dove Law Group, LLC, of Spartanburg, for Respondents.

Doni M. McCoy, of Bennettsville, as the Guardian ad Litem.

———————

**PER CURIAM:**  Kayln Shackelford (Mother) appeals the family court's final order terminating her parental rights to her minor child (Child).  On appeal, Mother argues the family court erred by finding clear and convincing evidence showed (1) she failed to remedy the condition that caused Child's removal, (2) she willfully failed to support Child, (3) she "ha[d] a diagnosable condition unlikely to change within a reasonable time," (4) Child had been in foster care for at least fifteen of the most recent twenty-two months, and (5) termination of parental rights (TPR) was in Child's best interest.  We affirm.

1.  We hold clear and convincing evidence supports the family court's finding that Mother failed to remedy the condition that caused Child's removal.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate c]ourt reviews factual and legal issues de novo."); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) ("A ground for [TPR] must be proved by clear and convincing evidence."); S.C. Code Ann. § 63-7-2570(2) (Supp. 2021) (providing a statutory ground for TPR is met when "[t]he child has . . . been out of the home for a period of six months following the adoption of a placement plan . . . and the parent has not remedied the conditions which caused the removal").  The evidence presented at the TPR hearing showed that Child was removed from Mother's custody when Mother was arrested on drug-related charges.  The evidence also showed Mother failed at least once to comply with DSS's request that she undergo a drug screen.  Additionally, the evidence showed the family court adopted a placement plan on June 21, 2017, that required Mother to complete drug treatment.  However, on the day of the TPR hearing—more than three years later—Mother had not yet done so.  Accordingly, we affirm the family court's finding that Mother failed to remedy the conditions that caused Child's removal.

2.  We hold clear and convincing evidence supports the family court's finding that Child had been in foster care for at least fifteen of the most recent twenty-two months.  *See Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, [the appellate c]ourt reviews factual and legal issues de novo."); *Parker*, 336 S.C. at 254, 519 S.E.2d at 354 ("A ground for [TPR] must be proved by clear and convincing evidence."); S.C. Code Ann. § 63-7-2570(8) (Supp. 2021) (providing a statutory ground for TPR is met when a "child has been in foster

care . . . for fifteen of the most recent twenty-two months"). The undisputed evidence presented at the TPR hearing showed that Child entered foster care on May 27, 2017, and continuously remained in foster care for approximately forty-two months. Further, no evidence presented at the TPR hearing indicated the delay in reunification was attributable to DSS. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find that . . . the delay in reunification of the family unit is attributable . . . to the parent's inability to provide an environment where the child will be nourished and protected."). Accordingly, we affirm the family court's finding that Child had been in foster care for fifteen of the most recent twenty-two months.[1]

3. We hold TPR is in Child's best interest. *See* S.C. Code. Ann. § 63-7-2570 (Supp. 2021) ("The family court may order [TPR] upon a finding of one or more of the [TPR] grounds and a finding that termination is in the best interest of the child . . . "); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing that the paramount consideration in TPR cases is the best interest of the child). At the TPR hearing, DSS and the Hoffers presented evidence that (1) Mother had not completed the requirements of her placement plan, including drug treatment; (2) Mother had not visited Child in approximately nine months; (3) Child had lived more than 90% of his life with the Hoffers, who hoped to adopt him; and (4) Child had formed a "secure attachment" to the Hoffers, such that removing him from their care would cause Child significant irreparable trauma. Based on this evidence, we hold TPR is in Child's best interest.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] Because clear and convincing evidence supports these TPR grounds, we decline to address the remaining grounds. *See* § 63-7-2570 ("The family court may order [TPR] upon a finding of one or more of the [TPR] grounds and a finding that termination is in the best interest of the child . . . "); *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (finding clear and convincing evidence supported a statutory ground for TPR and declining to address the remaining grounds).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.